UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIANJIN MOTOR DIES CO. LTD.,

    Plaintiff,

Case No. 19-cv-13215
Hon. Matthew F. Leitman

v.

DIETECH NORTH AMERICA, LLC,

    Defendant.
_____/

# ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 27)

This case concerns a contract dispute between two suppliers in the automotive industry: Plaintiff Tianjin Motor Dies Co. Ltd. ("Tianjin") and Defendant DieTech North America, LLC ("DieTech"). In 2017, Tianjin and DieTech entered into a contract to produce dies – tools used to create certain car parts – that DieTech had separately contracted to provide to General Motors ("GM"). Put very simply, under the parties' contract, Tianjin was to perform the initial construction of the dies at its facility in China and then ship them to DieTech in Michigan. In turn, DieTech would finalize the dies – *i.e.*, what the parties refer to as "tryout" work – and then supply the finalized dies to GM.

Beginning in late 2017, certain problems arose as Tianjin constructed the dies. The parties initially attempted to address the issues at Tianjin's facility in China

1

during the first half of 2018. However, the problems persisted. Subsequently, between April and June 2018, Tianjin shipped the dies to DieTech, and DieTech continued to address issues with the dies. DieTech thereafter completed the dies and delivered them to GM.

In March 2019, after DieTech delivered the dies to GM, DieTech informed Tianjin that it was withholding roughly $7 million in payment for the dies due to the problems that arose in the production of the dies. Thereafter, Tianjin filed its original Complaint in this action alleging, among other things, that DieTech's failure to pay breached the parties' contract. (*See* Compl., ECF No. 1.) Tianjin later filed an Amended Complaint on January 24, 2020. (*See* Am. Compl., ECF No. 11.) In response, DieTech filed a counterclaim alleging that Tianjin breached the parties' contract by failing to adequately and timely construct and deliver the dies. (*See* Countercl., ECF No. 7.)

On October 11, 2021, Tianjin filed the instant motion in which it seeks summary judgment in its favor on both its affirmative claim against DieTech and on DieTech's counterclaim. (*See* Mot., ECF No. 27.) DieTech opposed the motion (ECF No. 30), and Tianjin filed a reply (ECF No. 31).[1] The Court concludes that it

---

[1] On January 26, 2022, this Court issued an order administratively terminating Tianjin's pending motion to allow the parties to focus on settlement discussions. (See Order, ECF No. 37.) After the parties informed the Court that they had not yet reached a settlement, the Court issued an order reinstating Tianjin's motion on March 22, 2022. (*See* Order, ECF No. 39.)

may resolve the motion without oral argument, *see* E.D. Mich. Local Rule 7.1(f), and it **DENIES** the motion.

Under Federal Rule of Civil Procedure 56, a movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 326–27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson*, 477 U.S. at 252. Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251–52.

Here, the Court concludes Tianjin is not entitled to summary judgment. In its motion, Tianjin asserts that DieTech is liable for failing to pay for the dies, and that it (Tianjin) is not liable for any alleged breach, because (1) DieTech knew of the alleged problems with the dies and accepted them anyway; (2) at any rate, DieTech failed to provide reasonable notice to Tianjin of any issues with the dies that it did not know of at the time of acceptance; and (3) DieTech, itself, caused and/or

3

contributed to delays in the construction and delivery of the dies. (*See* Mot., ECF No. 27.)

However, the Court finds that there are factual disputes on all of these points sufficient to preclude summary judgment. For example, DieTech has cited and submitted evidence that: (1) DieTech did not accept the dies before Tianjin shipped the dies to DieTech, (*see* Resp., ECF No. 30, PageID.450–451); (2) DieTech was not aware of many issues with the dies until well after delivery, (*see id.*, PageID.453–456); (3) DieTech provided notice to Tianjin within a reasonable time after discovering the issues with the dies (*see id.*, PageID.468); (4) at any rate, DieTech was excused from any failure to provide sufficient notice (*see id.*, PageID.471); and (5) Tianjin's delivery of the dies was delayed notwithstanding any schedule modifications made by DieTech, (*see id.*, PageID.472). In light of DieTech's showing, the Court concludes that there are genuine disputes of material fact with regard to the parties' breach of contract claims against one another and that Tianjin is not entitled to summary judgment. Accordingly, the Court **DENIES** Tianjin's motion for summary judgment (ECF No. 27).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 12, 2022

4

5

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 12, 2022, by electronic means and/or ordinary mail.

                                                s/Holly A. Ryan
                                                Case Manager
                                                (313) 234-5126